**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| LUDWERD DEL CASTILLO-GUZMAN, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v.                                                                      ) | Case No. 1:15-cv-799 (CMH/MSN) |
| ) | |
| TRIPLE CANOPY, INC., ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS LIMITED MOTION FOR RECONSIDERATION**

COMES NOW Defendant Triple Canopy, Inc. ("Triple Canopy" or "Defendant"), by counsel, pursuant to Federal Rule of Civil Procedure 59(e), and states as follows for its Memorandum of Law in Support of its Limited Motion for Reconsideration of matters conceded in Plaintiffs' Opposition to the Motion to Dismiss.

**I.      INTRODUCTION**

In response to the Motion to Dismiss, Plaintiffs Castillo-Guzman, Cerna-Motta, Castro-Rugel, and Tamani-Fasabi (collectively "Plaintiffs") voluntarily abandoned Count I as it relates to Castro-Rugel and conceded that Count III does not apply if, as they alleged, Defendant is a covered employer under the Fair Labor Standards Act.  The Court's July 16, 2015 Order granting in part and denying in part the Motion to Dismiss was silent with respect to these items conceded by Plaintiffs.  Accordingly, Defendant respectfully asks this Court to reconsider its Order denying the Motion to Dismiss <u>solely</u> as to the issues that Plaintiffs voluntarily abandoned or conceded.

## II. PROCEDURAL HISTORY

On May 11, 2015, Plaintiffs filed the present Complaint against Triple Canopy in the Circuit Court for Fairfax County, Virginia. Triple Canopy timely removed the matter to this court on June 24, 2015. 28 U.S.C. § 1446(b). On July 1, 2015 Defendant moved to dismiss all four Counts of the Complaint. Plaintiffs opposed the motion *in part*, but conceded that the following causes of action should be dismissed:

(1) Count I as it relates to Plaintiff Castro-Rugel, see Opp. to Mot. to Dismiss (Doc. 9) at 3 n.2;

(2) Count II in its entirety, id. at 1 n.1; and

(3) Count IV in its entirety, id. at 1 n.1.

The Plaintiffs also conceded that the Count III should be dismissed if the Court accepts as true the allegations that Defendant is governed by the FLSA. Id. at 3.

By Order entered on July 16, 2015, the Court granted in part and denied in part the Motion to Dismiss. See July 16, 2015 Order (Doc. 11). Specifically, the Court granted the Motion to Dismiss with respect to Counts II and IV, but summarily denied the Motion as to Counts I and III.

## III. ARGUMENT

### A. Standard of Review.

The Fourth Circuit interprets a motion for reconsideration of a dispositive motion as a motion to alter or amend a judgment pursuant to Rule 59(e). Lee-Thomas v. Prince George's Cty. Pub. Schs., 666 F.3d 244, 247 n.4 (4th Cir. 2012). Under Rule 59(e), the Court can alter or amend its judgment, among other reasons, to correct an error or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also GO Computer,

Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007) (upholding motion for reconsideration to correct error related to voluntary dismissal of claims).

### B. Plaintiffs Have Abandoned Count I as to Plaintiff Castro-Rugel.

Upon receipt of Defendant's Motion to Dismiss, Plaintiffs abandoned their claim that Castro-Rugel was entitled to relief under Count I.[1]  Specifically, Plaintiff Castro-Rugel "voluntarily dismisse[d] Count I." See Opp. to Mot. to Dismiss (Doc. 9) at 3 n.2.  This concession is identical to Plaintiffs similar voluntary dismissal of Counts II and IV in which they averred: "Plaintiffs voluntarily dismiss Counts II and IV." See Opp. to Mot. to Dismiss (Doc. 9) at 1 n.1.  Manifest injustice would result if Defendant were forced to litigate a breach of contract claim related to Plaintiff Castro-Rugel when he has demonstrated his intent to dismiss this claim and prosecute it no further.  Accordingly, Defendant respectfully requests that the Court reconsider whether Count I should likewise be dismissed as to Plaintiff Castro-Rugel.

### C. Plaintiffs' Own Allegations Concede that Count III Should Be Dismissed.

In their Complaint, Plaintiffs originally alleged violations under both the Virginia Minimum Wage Act (Count III) and the Fair Labor Standards Act (Count IV).  The Plaintiffs voluntarily dismissed Count IV because the statute does not apply extraterritorially and the statute of limitations had run on that cause of action.  With respect to Count III, Plaintiffs' conceded that the Virginia Minimum Wage Act only "applies to employers who are not governed by the FLSA." See Opp. to Mot. to Dismiss (Doc. 9) at 4 (emphasis added).  This concession, coupled with Plaintiffs' own factual allegations that Defendant is governed by the FLSA (which the Court must accept as true), should operate as a dismissal of Count III as well.

---

[1]   Defendant does not presently seek reconsideration of its statute of limitations under the Rule 59(e) standard, and expressly reserves the right to assert such arguments at summary judgment.

See Compl. ¶¶ 45–46 (alleging the FLSA's applicability to Defendant).[2] The interests of justice would be substantially benefited by dismissing Count III given that the Parties agree that the Virginia Minimum Wage Act does not apply to Defendant.

## IV. CONCLUSION

Although Defendant reserves all of the arguments it raised in the Motion to Dismiss, it requests that the Court revisit its Order only with respect to issues Plaintiff has conceded should be dismissed. For the reasons stated above, the Court should dismiss Count I with respect to Plaintiff Castro-Rugel, and should dismiss Count III as to all Plaintiffs.

        **TRIPLE CANOPY, INC.**
        By Counsel

        /s/
        David L. Greenspan (VSB #45420)
        John E. Thomas, Jr. (VSB #81013)
        McGuireWoods LLP
        1750 Tysons Boulevard
        Suite 1800
        Tysons Corner, Virginia 22102
        (703) 712-5096 (telephone)
        (703) 712-5214 (facsimile)
        dgreenspan@mcguirewoods.com
        jethomas@mcguirewoods.com
        *Counsel for Defendant Triple Canopy, Inc.*

---

[2] This Court may also take judicial notice of the fact that Defendant is subject to the regulatory scheme of the FLSA by virtue of the fact that Defendant has defended FLSA cases in this Court before. See Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014) (explaining that a Court may take judicial notice of matters of public record); Lolavar v. De Santibanes, 430 F.3d 221, 224 n.2 (4th Cir. 2005) (permitting judicial notice of court records). For example, Triple Canopy has defended FLSA suits in Parsons v. Triple Canopy, Inc., No. 11cv1238 (E.D. Va. filed Nov. 11, 2011) (O'Grady, J.) and Spivey v. Triple Canopy, Inc., No. 12cv472 (E.D. Va. filed Apr. 27, 2012) (O'Grady, J.).

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2015, I filed the foregoing with the Court using CM/ECF which will deliver a notification of such filing to:

>Katherine Martell (VSB #77027)
>10615 Judicial Drive, Suite 101
>Fairfax, Virginia 22030
>Tel: 703-385-6868
>Fax: 703-385-7009
>kmartell@firstpointlaw.com

>/s/
>David L. Greenspan