**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| LUDWERD DEL CASTILLO-GUZMAN, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil No. 1:15-CV-799 (CMH/MSN) |
| ) | |
| TRIPLE CANOPY, INC., ) | |
| ) | |
| *Defendant*. ) | |
| _____) | |

**<u>DEFENDANT TRIPLE CANOPY INC.'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT</u>**

David L. Greenspan (VSB #45420)
John E. Thomas, Jr. (VSB #81013)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5407 (telephone)
(703) 712-5217 (facsimile)
dgreenspan@mcguirewoods.com
jethomas@mcguirewoods.com
*Counsel for Defendant Triple Canopy, Inc.*

Defendant Triple Canopy, Inc. ("Triple Canopy"), by counsel and pursuant to Federal Rule of Civil Procedure 56, submits this Memorandum in support of its Motion for Summary Judgment:

## I.   INTRODUCTION

Pro se Plaintiffs Ludwerd del Castillo-Guzman and Juan Castro-Rugel ("Plaintiffs") served as independent-contractor security guards for Triple Canopy in Iraq and Afghanistan. Years after severing their relationship with Triple Canopy, they filed this lawsuit alleging, among other things, that Triple Canopy never paid them the money owed under their Independent Contractor Agreements ("ICAs") and that they were entitled to minimum wage under the Virginia Minimum Wage Act. After dispositive motions, only the following causes of action remain: Breach of Contract (Count I, as to Castillo-Guzman only), and violation of the Virginia Minimum Wage Act (Count III, as to both Plaintiffs).

The undisputed material facts demonstrate that Triple Canopy paid Castillo-Guzman everything to which he was entitled under his contract. In fact, Castillo-Guzman admitted this at his deposition. Moreover, the undisputed material facts establish that the Virginia Minimum Wage Act does not apply because: (1) Plaintiffs worked for Triple Canopy entirely in a foreign country, never within the United States or in the Commonwealth of Virginia; (2) Triple Canopy is exempt from the Virginia Minimum Wage Act; and (3) the statute of limitations has expired. For these, as demonstrated below, the Court should grant summary judgment in Triple Canopy's favor because the undisputed material facts demonstrate that Triple Canopy is entitled to judgment as a matter of law.

## II.     PROCEDURAL HISTORY

Plaintiff Castillo-Guzman filed a single-plaintiff Complaint in the Circuit Court for Fairfax County, Virginia on January 28, 2014, alleging only one cause of action for breach of contract. Triple Canopy timely answered on February 25, 2014. Approximately two months later, Castillo-Guzman's counsel withdrew from the case, and Castillo-Guzman proceeded pro se. On November 11, 2014, Castillo-Guzman non-suited the action pursuant to Va. Code Ann. § 8.01-380 after Triple Canopy moved to dismiss for failure to prosecute.

Six months later, on May 11, 2015, Castillo-Guzman, Castro-Rugel, and two other Plaintiffs (Alejandro Cerna-Motta and German Tamani-Fasabi) filed the present Complaint against Triple Canopy in the Circuit Court for Fairfax County, which Triple Canopy timely removed to this Court. The Complaint alleged that "Triple Canopy failed to pay [them] for all work performed" in violation of: (1) the ICAs (Count I); (2) the Virginia Payment of Wage Act (Count II); (3) the Virginia Minimum Wage Act (Count III); and (4) the Fair Labor Standards Act (Count IV).

Triple Canopy filed a Motion to Dismiss. (Dkt. No. 5.) On July 16, 2015, this Court granted in part and denied in part Triple Canopy's Motion to Dismiss, dismissing Counts II and IV. (Dkt. No. 11.) On July 24, 2015, Triple Canopy filed a Motion for Limited Reconsideration. (Dkt. No. 13.) On August 10, 2015, the Court granted in part and denied in part Triple Canopy's Motion for Limited Reconsideration, dismissing Count I as to Castro-Rugel. (Dkt. No. 16.)

Triple Canopy served all four Plaintiffs written discovery requests on October 7, 2015. (Dkt. Nos. 21-1 through 21-4.) Despite having counsel at the time, Plaintiffs failed to serve any objections by the deadline of October 22, 2015, or provide any responses or answers by the deadline of November 6, 2015. Accordingly, Triple Canopy filed a Motion to Compel pursuant

to Federal Rule of Civil Procedure 37(a) on November 13, 2015 (Dkt. No. 20), to which Plaintiffs filed no opposition. At the December 4, 2015 hearing, the Court granted the Motion to Compel and ordered Plaintiffs to respond to Triple Canopy's discovery requests no later than December 11, 2015. (Dkt. No. 28.) On December 11, 2015, while still represented by counsel, Plaintiff delivered woefully inadequate discovery responses to Triple Canopy. On that day, Plaintiffs' counsel was granted leave to withdraw from the case. Plaintiffs have proceeded pro se since then.

On December 11, 2015, Triple Canopy served Notices of Deposition to each Plaintiff. Cerna-Motta failed to appear at his deposition. After Triple Canopy moved to dismiss Cerna-Motta from the case, Cerna-Motta voluntarily dismissed his claims. (Dkt. No. 44.) Similarly, Tamani-Fasabi failed to appear at his deposition and subsequently Tamani-Fasabi voluntarily dismissed his claims. (Dkt. No. 49.) Plaintiff Castro-Rugel likewise failed to appear at his deposition, and a Motion to Dismiss Castro-Rugel's claims is currently pending before the Court, to be heard on January 29, 2016. (Dkt. No. 39.) Plaintiff Castillo-Guzman was the only Plaintiff who appeared for his deposition.

The discovery cutoff in this case was January 6, 2016. Throughout the pendency of this case, Plaintiffs have not requested any discovery from Triple Canopy.

### III. STATEMENT OF UNDISPUTED FACTS

1. Triple Canopy provides protective services and security solutions to government agencies, private corporations, and non-governmental organizations in locations around the world. See **Ex. 1**, Declaration of Nancy Glover ("Glover Decl.") ¶ 2.

2. Triple Canopy is an enterprise engaged in interstate commerce with its corporate headquarters located in Reston, Virginia. See **Ex. 2**, Castillo-Guzman Dep. Tr. 82:17–22; **Ex. 1**, Glover Decl. ¶ 3.

3. Castillo-Guzman served as a guard in Iraq. His job was to search individuals passing from the "red zone" to the "green zone" and search cars for bombs and other tasks to prevent terrorist attacks. See **Ex. 2**, Castillo-Guzman Dep. Tr. 68:2–20.

4. Castillo-Guzman signed an ICA with Triple Canopy under which he provided services to Triple Canopy from November 2008 to January 2010. The ICA provides that Triple Canopy would pay Castillo-Guzman a daily rate of $33. The ICA also provides that it "shall be governed by and construed under the laws of the State of Virginia, USA, as if performed wholly within the state and without giving effect to the principles of conflicts of laws." See **Ex. 5**, Independent Contractor Agreement; **Ex. 7,** Castillo-Guzman's Answers to First Set of Requests for Admissions.

5. Castillo-Guzman did not perform any work for Triple Canopy inside the United States. All of his services to Triple Canopy were performed in Baghdad, Iraq. See **Ex. 2**, Castillo-Guzman Dep. Tr. 44:9–13; 83:1–7; **Ex. 1**, Glover Decl. ¶ 4.

6. Triple Canopy paid to Castillo-Guzman all of the money to which he was entitled under the terms of his ICA. See **Ex. 2**, Castillo-Guzman Dep. Tr. 58:6–17; 60:1–8; 64:1–8.

7. The last time Castillo-Guzman provided services to Triple Canopy was in January 2010. See **Ex. 2**, Castillo-Guzman Dep. Tr. 20:20–21:1; **Ex. 1**, Glover Decl. ¶ 5.

8. Castro-Rugel did not perform any work for Triple Canopy inside the United States. All of his services to Triple Canopy were performed overseas. See **Ex. 1**, Glover Decl. ¶ 6.

9.  The last time Castro-Rugel provided services to Triple Canopy was in October 2009. See **Ex. 1**, Glover Decl. ¶ 7.

10. The first time Castillo-Guzman set foot in the United States was in March 2010. See **Ex. 2**, Castillo-Guzman Dep. Tr. 15:3–5.

11. The first time Castillo-Guzman came to the Commonwealth of Virginia was in March 2010. See **Ex. 2**, Castillo-Guzman Dep. Tr. 44:14–16; 83:8–12.

12. It was not until after Castillo-Guzman was working for Triple Canopy under the terms of his ICA that a non-lawyer bodyguard in Iraq told him he might be entitled to the minimum wage under Virginia law. See **Ex. 2**, Castillo-Guzman Dep. Tr. 48:15–49:2; 83:13–19.

13. Under the terms of Castillo-Guzman's ICA, Castillo-Guzman was to be paid every month. See **Ex. 5**, ICA ¶ 3; **Ex. 1**, Glover Decl. ¶ 8.

14. Triple Canopy paid Castillo-Guzman in full every month. See **Ex. 2**, Castillo-Guzman Dep. Tr. 63:12–22.

15. Castillo-Guzman is not seeking an award of attorneys' fees. See **Ex. 2**, Castillo-Guzman Dep. Tr. 82:11–16.

## IV.  ARGUMENT

### A.  Summary Judgment Standard.

Summary judgment must be granted if the Plaintiffs fail to make a showing sufficient to establish the existence of any essential element of their case on which they have the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed.R.Civ.P. 56(c); Cerquera v. Supervalue, Inc., 715 F. Supp. 2d 682, 685–86 (E.D. Va. 2010). Triple Canopy need only show an absence of evidence or support for the opposing party's case. See id. If the Plaintiffs fail to identify specific facts that demonstrate a genuine and material issue for trial,

then the court must grant summary judgment "to prevent factually unsupported claims and defenses from proceeding to trial." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that "existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment") (emphasis added). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir. 2006).

### B. Castillo-Guzman Has Abandoned His Breach of Contract Claim.

The elements of a breach of contract action under Virginia law are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. Filak v. George, 267 Va. 612, 619 (2004). Assuming arguendo that Castillo-Guzman could marshal evidence of the other two elements, the undisputed material facts demonstrate that he cannot prove that Triple Canopy breached its obligation to him. In fact, at his deposition, Castillo-Guzman repeatedly conceded that he received the contracted-for daily rate for all days he provided security services to Triple Canopy in Iraq under the ICA:

> Q . . . [W]ere there any days that you worked for Triple Canopy for which you did not receive $33 under the contract?
>
> A For the fifth time, under the contract it states here and it says $33 a day, they paid me all this amount, but where I am raising – the issue I'm raising is what the law says.
>
> . . . .
>
> Q I understand. I'm asking about what you actually received.

    A       Yes, I received the $33 by them . . . .

. . . .

    Q       Paragraph 19 [of the Complaint] says, "Triple Canopy failed to pay plaintiffs for all work performed under their contract."  But you agree with me that Triple Canopy did pay you everything for the work that you performed with respect to what the contract said you were owed; is that correct?

    A       What is in the contract is what they paid and I'm not complaining about, again, that.

See **Ex. 2**, Castillo-Guzman Dep. Tr. 58:6–17; 60:1–8; 64:1–8.  Having abandoned his claim for breach of contract, the Court should enter summary judgment against Castillo-Guzman as to Count I of the Complaint.

    **C.**       **The Virginia Minimum Wage Act Does Not Apply to Plaintiffs' Work in Iraq.**

Three independent grounds mandate dismissal of Count III.  The most obvious flaw with respect to Count III is the long-since-passed expiration of the statute of limitations under the Virginia Minimum Wage Act.  Second, no facts in the record trigger the extra-territorial application of a state statute in a foreign country.  Third, Triple Canopy is exempt from the Virginia Minimum Wage Act because it is an enterprise engaged in commerce and, therefore, is covered by the requirements of the FLSA.  For any or all of these reasons, Count III should be dismissed in its entirety.

        **1.**       **The Statute of Limitations on the Virginia Minimum Wage Act Claim Has Expired.**

The Virginia Minimum Wage Act does not contain its own statute of limitations.  See Va. Code Ann. §§ 40.1-28.8–40.1-28.12.  When a statute does not express its statute of limitations, the General Assembly has assigned a two-year statute of limitations.  See Va. Code Ann. § 8.01-248.  Accordingly, Plaintiffs must have filed their lawsuit within two years of the action

accruing, else it is barred by the statute of limitations. See Va. Code Ann. § 8.01-228.[1] A wage claim begins accruing at the end of each regular workday. See Deressa v. Gobena, No. 1:05cv1334, 2006 U.S. Dist. LEXIS 8659, at *8 (E.D. Va. Feb. 13, 2006).

In this case, Plaintiff Castillo-Guzman last worked for Triple Canopy in January 2010. See **Ex. 2**, Castillo-Guzman Dep. Tr. 20:20–21:1. The last time Plaintiff Castro-Rugel worked for Triple Canopy was October 2009. See **Ex. 1**, Glover Decl. ¶ 7. When this lawsuit was filed on May 11, 2015, the statute of limitations for the Virginia Minimum Wage Act claims had long since expired. Accordingly, the Court should grant summary judgment on Count III in Triple Canopy's favor.

### 2. The Virginia Minimum Wage Act Does Not Apply to Work Performed Outside the Commonwealth of Virginia.

As a matter of law, the Virginia Minimum Wage Act does not apply to work performed outside of the Commonwealth of Virginia. "[I]t is ordinarily presumed that state laws are intended to apply only within the state's territorial jurisdiction and not extraterritorially." Westwind Acquisition Co. LLC v. Universal Weather & Aviation, Inc., 668 F. Supp. 2d 749, 752 (E.D. Va. 2009) (Ellis, J.). This ordinary presumption is based on the common-law principle that "[n]o state can legislate except with reference to its own jurisdiction" and therefore the power of Virginia to legislate the minimum wage is "constrained by the need to respect the interests of other States." Id. (citations omitted). Moreover, absent express language to the contrary, a "legal presumption" exists that statutes have only domestic, not international, application.

---

[1] Assuming arguendo that Castillo-Guzman's sworn concessions regarding Count I are not fatally dispositive, Count III cannot "piggyback" on Count I because Plaintiffs first raised the Virginia Minimum Wage Act claim on May 11, 2015, more than five (5) years and three (3) months from the last time Castillo-Guzman provided services to Triple Canopy, and more than five (5) years and six (6) months from when Castro-Rugel last provided services to Triple Canopy. See Va. Code Ann. § 8.01-246(2).

Harmon v. DynCorp Int'l, Inc., No. 1:13cv1597, 2015 U.S. Dist. LEXIS 14604, at *35–36 (E.D. Va. Feb. 6, 2015); see also Carolina Trucks & Equip., Inc. v. Volvo Trucks of N. Am., Inc., 492 F.3d 484, 489–90 (4th Cir. 2007).

The undisputed material facts establish that Plaintiffs performed no services for Triple Canopy in the United States, let alone in Virginia. See **Ex. 2**, Castillo-Guzman Dep. Tr. 44:9–13; 83:1–7; **Ex. 1**, Glover Decl. ¶¶ 4, 6. In fact, the first time Castillo-Guzman set foot in the United States was in March 2010, two months after he last performed services for Triple Canopy. See **Ex. 2**, Castillo-Guzman Dep. Tr. 15:3–5; 20:20–21:1. These undisputed material facts trigger the "ordinary presumption" that the Virginia Minimum Wage Act cannot apply to the services Plaintiffs performed in the Middle East.

The ICA's Virginia choice-of-law provision likewise does not extend Virginia's statutory minimum wage law to work performed in Iraq. When an Independent Contractor Agreement contains a Virginia choice-of-law provision, but does not expressly include statutory wage claims, a wage claim may only be brought under the law of the location where the work was performed. See Sanchez v. Lasership, Inc., No. 1:12cv246, 2012 U.S. Dist. LEXIS 122404, at *2 (E.D. Va. Aug. 27, 2012).[2] In Sanchez, the Court held that when the choice-of-law provision speaks to the law under which the contract should be construed, that extends the forum state's

---

[2] See also Ruggiero v. Am. United Life Ins. Co., No. 13-12962, 2015 U.S. Dist. LEXIS 134153, at *6 n.3 (D. Mass Sept. 30, 2015) ("Although the contract contains a choice of law provision . . . such a provision does not apply to statutory — as distinct from contractual — claims."); Cotter v. Lyft, Inc., 60 F. Supp. 3d 1059, 1061–66 (N.D. Cal. 2014) ("Lyft drivers who worked in other states cannot bring claims under California's wage and hour statutes. . . . The choice of law provision governing the agreement is therefore inapplicable to the plaintiffs' wage and hour claims."); Quinonez v. Empire Today, LLC, No. C 10-02049, 2010 U.S. Dist. LEXIS 117393, at *4–7 (N.D. Cal. Nov. 4, 2010) (ignoring Illinois choice-of-law provision in case involving statutory claims under California law where employee worked). (Unpublished cases cited in this Memorandum are attached in alphabetical order as **Ex. 6**.)

law to matters of *contract construction*, and does not extend the state's *statutory law* to the independent contractor relationship as well. Id. at *12–23. Here, the choice-of-law provision specifically speaks to the law under which the ICA shall be "construed." See **Ex. 5**, ICA ¶ 14. Accordingly, although this Court must apply Virginia's contract construction principles, it may not extend Virginia's statutory minimum wage law to work performed outside Virginia.

### 3. Triple Canopy is Exempt from the Virginia Minimum Wage Act.

In the event the Court finds as a matter of first impression that the Virginia Minimum Wage Act applies extraterritorially, the Court should nevertheless dismiss Count III because Triple Canopy is exempt from the Virginia Minimum Wage Act. According to the Virginia Department of Labor & Industry ("DOLI"), the agency tasked with enforcing the Commonwealth's wage laws, employers governed by the FLSA are exempt from the Virginia Minimum Wage Act. See **Ex. 3**, DOLI Field Ops. Manual Ch. 1, § 1.00(C)(11) note ("[E]stablishments which meet the coverage requirements of the FLSA, whether bound by all of its provisions or not, would be exempted from coverage under the Virginia Minimum Wage Act.").[3] The DOLI's website likewise states with respect to the Virginia Minimum Wage Act: "This law applies to employers who do not meet the coverage requirements of the federal Fair Labor Standards Act . . . ." See **Ex. 4**, http://www.doli.virginia.gov/laborlaw/laborlaw.html (last accessed on Jan. 15, 2016).[4]

---

[3] While the DOLI Field Operations Manual is not binding upon this Court, it is an expression of DOLI's interpretation of the statutory provisions at issue, as developed by the Labor and Employment Law Division under the general authority to administer laws that the agency is charged with enforcing.

[4] It is worth noting that another federal District Court has cited approvingly statements of law appearing on the DOLI's website. See, e.g., Walker v. Serv. Corp. Int'l, No. 4:10CV00048, 2011 U.S. Dist. LEXIS 39856, at *19–21 n.8 (W.D. Va. Apr. 12, 2011).

The undisputed material facts establish that Triple Canopy is generally governed by the FLSA and, therefore, is exempt from the Virginia Minimum Wage Act. To be governed by the FLSA, an employer must be an "enterprise engaged in commerce or in the production of goods for commerce." See, e.g., 29 U.S.C. § 206(a). Triple Canopy is an enterprise engaged in commerce. **Ex. 1**, Glover Decl. ¶ 3; **Ex. 2**, Castillo-Guzman Dep. Tr. 82:17–22 (admitting Triple Canopy is engaged in interstate commerce). Moreover, the undisputed material facts establish that Triple Canopy is governed by the FLSA. **Ex. 1**, Glover Decl. ¶ 3. Accordingly, the Virginia Minimum Wage Act does not apply to Triple Canopy.

## V. CONCLUSION

For the reasons stated herein and those that may be stated in its reply memorandum and advanced at the hearing, Defendant respectfully moves this Court to grant it summary judgment as to all counts, and dismiss Plaintiffs' claims in their entirety with prejudice.

TRIPLE CANOPY, INC.
By Counsel

/s/
David L. Greenspan (VSB #45420)
John E. Thomas, Jr. (VSB #81013)
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5407 (telephone)
(703) 712-5217 (facsimile)
dgreenspan@mcguirewoods.com
jethomas@mcguirewoods.com
*Counsel for Defendant Triple Canopy, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that on January 20, 2016, I caused the foregoing to be delivered by first-class mail to:

Ludwerd del Castillo-Guzman
717 Zlotkin Circle, Apt. 6
Freehold, NJ 07728

Juan Castro-Rugel
30 Marcy Street
Freehold, NJ 07728

Juan Castro-Rugel
33 Marcy Street
Freehold, NJ 07728

Juan Castro-Rugel
33 Parker Street
Freehold, NJ 07728

/s/
John E. Thomas, Jr. (VSB No. 81013)
*Counsel for Defendant Triple Canopy, Inc.*
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons Corner, Virginia 22102
(703) 712-5407 (telephone)
(703) 712-5217 (facsimile)
jethomas@mcguirewoods.com

74243986_3