IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| LUDWERD DEL CASTILLO-GUZMAN, et al., | ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) | Civil No. 1:15-cv-799-CMH-MSN |
|  | ) |  |
| TRIPLE CANOPY, INC., | ) |  |
|  | ) |  |
| Defendant. | ) ) |  |

**Memorandum Opinion & Order**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff Castro-Rugel as Sanctions (Dkt. No. 39). For the reasons that follow the Court will grant the Motion to the extent of Defendant's request for fees and deny it in all other respects.

**I. Background**

Defendant Triple Canopy hired Plaintiffs Ludwerd Del Castillo-Guzman and Juan Castro-Rugel in 2007 to provide security services abroad in Iraq and Afghanistan. Plaintiffs ceased working for Defendant in 2010 and 2009 respectively. In May of 2015, Plaintiffs and two other similarly situated individuals—Alejandro Cerna-Motta and German Tamani-Fasabi—filed suit against Defendant in Virginia state court alleging, in relevant part, breach of contract and violations of the Virginia Minimum Wage Act based upon their previous employment. Defendant removed the action to this Court in June of 2015.

On October 22, 2015, Defendant served its first written discovery requests upon Plaintiffs. When Plaintiffs failed to respond, Defendant filed a motion to compel on November 13, 2015. Shortly thereafter, Plaintiffs' counsel moved to withdraw from the case. The Court

granted both the motion to compel and the motion to withdraw after advising Plaintiffs of their responsibility to comply with discovery requests. Plaintiffs have since proceeded in this matter *pro se*.

On December 11, 2015, Defendants served notices of deposition on Plaintiffs. Only Plaintiff Castillo-Guzman, however, appeared for his scheduled deposition. Following their failure to appear, both Alejandro Cerna-Motta and German Tamani-Fasabi voluntarily dismissed their claims against Defendant. Defendant now moves under Federal Rule of Civil Procedure 37 to dismiss Plaintiff Castro-Rugel based on his failure to attend his scheduled deposition. According to Defendant, Plaintiff Castro-Rugel represented that "he would not attend, he did not want anything more to do with this case, and did not want to travel to Virginia again."

## II. Discussion

Where a party seeks the entry of default or dismissal as a sanction under Federal Rule of Civil Procedure 37, the analysis entails a four part test that inquires "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). This inquiry is intended to "insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Id.* The Fourth Circuit has admonished that the Court's power to dismiss an action as a discovery sanction "is appropriately exercised only with restraint." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978).

Applying the four-part test discussed above, and in light of the strong preference expressed in the law for deciding a case on its merits, the "extreme sanction of dismissal," *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92, is not warranted here. First, Defendant does not put forth compelling evidence that Plaintiff Castro-Rugel acted in bad faith in failing to appear at his scheduled deposition. Plaintiff Castro-Rugel is proceeding in this matter *pro se*, and as Defendant acknowledges, faces a language barrier in prosecuting his case. Moreover, Defendant only noticed Plaintiff Castro-Rugel's deposition after his attorney withdrew. It is not clear to the Court that Plaintiff Castro-Rugel's failure to appear at his deposition was motivated by "callous disregard for the authority of the district court," *id.*, as opposed to mere confusion.[1]

Second, based on the record before the Court, Defendant has not suffered any significant prejudice by virtue of Plaintiff Castro-Rugel's failure to appear at his deposition. Defendant has filed a Motion for Summary Judgment (Dkt. No. 52) based upon what Defendant characterizes as "undisputed" facts. Given the nature of the defenses raised in that Motion, it is not clear what information Plaintiff Castro-Rugel could have supplied that would have bolstered Defendant's arguments. Moreover, while Defendant claims Plaintiff Castro-Rugel's failure to appear at his deposition nine days before the close of discovery precluded Defendant from pursuing the matter further, this is not the case. Setting aside that it was Defendant who delayed noticing Plaintiff Castro-Rugel's deposition until shortly before the close of discovery, Defendant could easily have filed and obtained a ruling upon a motion to compel before that deadline. Alternatively, Defendant could have requested a limited extension of the discovery cutoff for purposes of taking Plaintiff Castro-Rugel's deposition. Defendant's failure to pursue those avenues

---

[1] To the extent Defendant claims that Plaintiff Castro-Rugel has represented that he no longer desires to participate in this lawsuit, the Court notes that Plaintiff Castro-Rugel has not voluntarily withdrawn from this action as did Alejandro Cerna-Motta and German Tamani-Fasabi. Moreover, given the acknowledged language barrier between Defendant and Plaintiff Castro-Rugel, the Court cannot be confident that Defendant's impressions of Plaintiff Castro-Rugel's willingness to prosecute this case do not stem from a miscommunication.

demonstrates that Defendant has not suffered the sort of prejudice that would justify dismissing Plaintiff Castro-Rugel's claims without reaching their merits.

Third, it is not clear to the Court that Plaintiff Castro-Rugel's failure to appear at his scheduled deposition resulted from the sort of gamesmanship that would justify dismissing his claims to deter others from repeating his actions. Fourth and finally, it appears to the Court that a less drastic sanction could have sufficed to bring Plaintiff Castro-Rugel into compliance with his discovery obligations. As Defendant acknowledges, Plaintiff Castro-Rugel earlier complied with this Court's order on Defendant's previous motion to compel.[2] Defendant provides no reason as to why this more moderate course of action would not have been effective in obtaining Plaintiff Castro-Rugel's deposition. Defendant, however, chose not to file such a motion, seeking instead the exceptional sanction of dismissal. In light of the above, Defendant has not demonstrated that dismissal is appropriate.

As for Defendant's request for costs and legal fees, however, Rule 37 places the burden on Plaintiff Castro-Rugel to demonstrate that his failure to attend his scheduled deposition was justified. As Plaintiff Castro-Rugel has failed to respond to Defendant's motion, he has not carried that burden. *See Burgess v. Costco Wholesale Corp.*, No. 10-cv-1678, 2013 WL 105180, at *2 (D.S.C. Jan. 8, 2013). Accordingly, the Court will grant Defendant's motion insofar as it requests costs and fees incurred in preparing for Plaintiff Castro-Rugel's deposition.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Motion is GRANTED in part and DENIED in part. The Motion is granted to the extent that Defendant may recover from Plaintiff Castro-Rugel costs and fees

---

[2] Although Defendant now characterizes Plaintiff Castro-Rugel's compliance as deficient, Defendant did not seek to compel any further discovery.

incurred in preparing for Plaintiff Castro-Rugel's deposition. Defendant's Motion is denied in all other respects. Defendant is directed to submit the necessary supporting documentation concerning fees and expenses it seeks from Plaintiff Castro-Rugel within seven days of the entry of this order. Any objections to those costs by Plaintiff Castro-Rugel are due within fourteen days of receiving the documents setting forth Defendant's costs.

The Clerk is directed to forward copies of this Order to all counsel of record and to Plaintiffs, *pro se*, at the addresses provided.

ENTERED this 1st day of February, 2016.

/s/
_____
Michael S. Nachmanoff
United States Magistrate Judge

Alexandria, Virginia