IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| LUDWERD DEL CASTILLO-GUZMAN, ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:15-cv-799 |
| TRIPLE CANOPY, INC. | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant Triple Canopy, Inc.'s ("TC" or "Defendant") Motion for Summary Judgment.

Defendant provides protective security services and security solutions to government agencies, private corporations, and non-governmental organizations around the world. Plaintiffs Ludwerd del Castillo-Guzman and Juan Castro-Rugel ("Plaintiffs") were independent-contractor security guards for TC in Iraq and Afghanistan at various times between 2007 and 2010. Plaintiffs signed an Independent Contractor Agreement ("ICA") which provided that TC would pay the Plaintiffs at a rate of $33.00 per day. All the work performed under the ICAs by the Plaintiffs occurred overseas. The last time Castillo-Guzman provided any

services to the Defendant was in January 2010, and the last time Castro-Rugel provided any services to the Defendant was October 2009.

On May 11, 2015, Plaintiffs filed the present Complaint in the Circuit Court for Fairfax County, which Defendant timely removed to this Court. The Complaint alleged that Defendant failed to pay the Plaintiffs for work performed in violation of: 1) the ICAs (Count I); 2) the Virginia Payment of Wage Act (Count II); 3) the Virginia Minimum Wage Act (Count III); and 4) the Fair Labor Standards Act (Count IV). On July 16, 2015, this Court dismissed Counts II and IV. On August 10, 2015, this Court dismissed Count I as to Castro-Rugel. The only remaining causes of action are 1) Breach of Contract (Count I as to Castillo-Guzman only), and 2) violation of the Virginia Minimum Wage Act (Count III as to both Plaintiffs).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000. Venue is proper in this District because Defendant's corporate headquarters is in the Eastern District of Virginia.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings and evidence before the Court show no genuine dispute as to any material fact

and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[I]t is ultimately the nonmovant's burden to persuade us that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." Design Res., Inc. v. Leather Indus. Of Am., 789 F.3d 495, 500 (4th Cir. 2015) (citations and quotations omitted). If there is no genuine dispute as to any material fact, then it is the "affirmative obligation of the trial judge to prevent 'factually unsupported claims and defenses' from proceedings to trial." Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993).

The elements of breach of contract in Virginia are: 1) a legally enforceable obligation of a defendant to a plaintiff; 2) the defendant's violation or breach of that obligation; and 3) injury or damage to the plaintiff caused by the breach of obligations. Filak v. George, 267 Va. 612, 619 (2004); see also

Minnesota Lawyers Mut. Ins. Co. v. Batzli, 442 F. App'x 40, 47 (4th Cir. 2011).

At Castillo-Guzman's deposition, he repeatedly conceded that he received the contracted-for daily rate for all days he provided security services to Defendant under the signed ICA. As such, Castillo-Guzman cannot establish a breach of contract claim, and the Defendant is thereby entitled to summary judgment in its favor on Count I.

The Virginia Minimum Wage Act does not contain a statute of limitations. See Va. Code Ann. §§ 40.1-28.8-40.1-28.12. Where a statute does not express its statute of limitations, the General Assembly has assigned a two-year statute of limitations. See Va. Code Ann. § 8.01-248. Accordingly, Plaintiffs must have filed their lawsuit within two years of the action accruing; otherwise it is barred by the statute of limitations. See Va. Code Ann. § 8.01-228; see also Va. Code Ann. § 8.01-246.

Plaintiff Castillo-Guzman last worked for the Defendant in January 2010. Plaintiff Castro-Rugel last worked for the Defendant in October 2009. Plaintiffs first raised the Virginia Minimum Wage Act claim on May 11, 2015, more than five (5) years and three (3) months from the last time Castillo-Guzman provided services to the Defendant, and more than five (5) years and six (6) months from when Castro-Rugel last provided services to the Defendant. The statute of limitations for the Virginia Minimum

Wage Act claims has long expired. Accordingly, the Defendant is entitled to summary judgment in its favor on Count III as to both Plaintiffs.

For the foregoing reasons, Defendant's Motion for Summary Judgment should be granted.

It appearing to the Court that the Plaintiffs attempted to file an Amended Complaint on February 19, 2016 against a new defendant, Triple Canopy Operations, Inc. This Amended Complaint was filed without leave of Court, filed after the close of discovery, after the final pretrial conference, and after a summary judgment motion and briefing. This Amended Complaint comes too late.

An appropriate order shall issue.

/s/ Claude M. Hilton

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 2, 2016